IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:05-CR-249-BO
5:15-CV-502-BO

| | |
|---|---|
| GERALD THOMAS EVANS,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | ORDER |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and the government's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Also pending is petitioner's motion to supplement his § 2255 motion. For the reasons discussed below, petitioner's motion to supplement is granted, the government's motion to dismiss is granted, and petitioner's § 2255 motion is dismissed.

## BACKGROUND

Petitioner was sentenced to a term of 180 months' imprisonment after pleading guilty to one count of being felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924. Petitioner was determined by the Court to qualify for increased penalties under the Armed Career Criminal Act (ACCA). 18 U.S.C. § 924(e). Petitioner noticed a direct appeal, challenging his designation as an armed career criminal. By opinion filed June 5, 2009, the court of appeals affirmed this Court's judgment. The court of appeals held that even without considering the two prior breaking and entering convictions which petitioner challenged as appropriate ACCA

predicates, four remaining convictions identified in the presentence report were sufficient to support the finding that petitioner qualified as an armed career criminal. *United States v. Evans*, 326 Fed. App'x 163, 164 (4th Cir. 2009)(unpublished).

Petitioner filed the instant § 2255 motion alleging that his prior convictions for breaking and entering under North Carolina law no longer qualify as ACCA predicates under *Johnson v. United States*, 135 S. Ct. 2551 (2015).

## DISCUSSION

At the outset, the Court grants petitioner's motion to supplement. The government moves to dismiss petitioner's § 2255 motion for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See also* Rule 12, Rules Governing Section 2255 Proceedings (Rules of Civil Procedure apply to section 2255 proceedings). A Rule 12(b)(6) motion must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In *Johnson*, the Supreme Court held that ACCA's definition of violent felony found in the residual clause, which defines violent felony as one which "involves conduct that presents a serious potential risk of injury to another," is unconstitutionally vague. 135 S. Ct. 2557 (citing 18 U.S.C. § 924(e)(2)(B)(ii)). Petitioner's convictions, however, did not rely on the residual clause in order to qualify as ACCA predicates.

The ACCA specifically enumerates as a crime of violence, *inter alia*, burglary. 18 U.S.C. § 924(e)(2)(B)(ii). The specific prior convictions that petitioner challenges are for felony breaking and entering under N.C. Gen. Stat. § 14-54(a). The court of appeals has held that "the elements of § 14–54(a) [fall] within the generic definition of burglary" and are properly

2

considered as predicate offenses under ACCA. *United States v. Mungro*, 754 F.3d 267, 270 (4th Cir. 2014); *see also United States v. Thompson*, 615 Fed. App'x 160, 161 (4th Cir. 2015) (unpublished) (challenge to qualification of breaking and entering convictions under North Carolina law as predicates for ACCA foreclosed by *Mungro*). Thus, *Johnson* provides petitioner no basis for relief.

Petitioner's supplemental brief further provides no basis for relief. Petitioner relies on *Hinson v. United States*, 509CR00038RLVDSC1, 2016 WL 224142, at *3 (W.D.N.C. Jan. 19, 2016), to argue that misdemeanor breaking and entering is not a proper ACCA predicate, but, like *Hinson*, petitioner was convicted of *felony* breaking and entering under North Carolina law. Petitioner's contention that three of his breaking and entering convictions should be counted as a single conviction is also unavailing, as petitioner plainly has three prior convictions which were sentenced on separate occasions and which qualify under ACCA. *See* Presentence Report at ¶¶ 7, 20, 29.

### Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, petitioner's motion to supplement [DE 74] is GRANTED and the government's motion to dismiss [DE 64] is GRANTED. Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 59] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this ___6___ day of May, 2016.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE