IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:05-CR-249-BO
5:15-CV-502-BO

| | |
|---|---|
| GERALD THOMAS EVANS,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>)<br>)     O R D E R<br>)<br>)<br>) |

This cause comes before the Court on petitioner's motion to reconsider the Court's order dismissing petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Fed. R. Civ. P. 59(e). Petitioner filed a § 2255 motion alleging that his prior convictions for breaking and entering under North Carolina law no longer qualify as predicate convictions for purposes of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), under *Johnson v. United States*, 135 S. Ct. 2551 (2015).

DISCUSSION

The decision to alter or amend a judgment is committed to the discretion of the district court, and the Fourth Circuit has recognized three bases for granting such a motion: when the court is shown (1) an intervening change in controlling law; (2) new evidence that was not available at trial; or (3) that the court has committed a clear error of law or manifest injustice. *See, e.g., Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 407 (4th Cir. 2010). Petitioner contends that the Court committed a clear error of law in dismissing his § 2255 motion.

The Court dismissed petitioner's § 2255 motion on the government's motion, holding that petitioner's prior convictions remained valid ACCA predicates and that his sentence should not be vacated. Petitioner now relies on *Sims v. United States*, No. 1:15-cv-00282-MR, 2016

WL 737945 (W.D.N.C. Feb. 23, 2016), to argue that his convictions for felony breaking and entering under North Carolina law no longer qualify as predicates under ACCA. As noted in its prior order, the ACCA specifically enumerates as a crime of violence, *inter alia*, burglary. 18 U.S.C. § 924(e)(2)(B)(ii). The court of appeals has held that the elements of North Carolina felony breaking and entering fall within the generic definition of burglary and are properly considered as predicate violent felony offenses under ACCA. *United States v. Mungro*, 754 F.3d 267, 270 (4th Cir. 2014).

Citing *Mungro*, the court in *Sims* held that a prior North Carolina breaking and entering conviction for Mr. Sims would qualify as a violent felony under the ACCA, except that in Mr. Sims' case he was not exposed to a sentence of more than one-year in prison and thus the conviction could not qualify. *Sims*, 2016 WL 737945, at *2; *see also* 18 U.S.C. § 924(e)(2)(B) (in order to qualify as a violent felony the crime must have been punishable by a term exceeding one year); *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc) (defining which North Carolina convictions may qualify as felonies under federal law). Here, petitioner's prior breaking and entering convictions resulted in sentences of four years' imprisonment, eight years' imprisonment, and fourteen to seventeen months' imprisonment. *See* Presentence Report at ¶¶ 7, 20, 29. His convictions therefore plainly satisfy § 924(e)(2)(B) and petitioner has thus failed to identify a clear error of law committed by the Court. Petitioner has further failed to identify any manifest injustice which would result from this Court's order, and his Rule 59(e) motion is therefore denied.

2

## CONCLUSION

For the foregoing reasons, petitioner's motion to reconsider [DE 79] is DENIED.

SO ORDERED, this 30 day of June, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE